UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
PLAIN LOCAL SCHOOL DISTRICT              :
BOARD OF EDUCATION, *et al.*,            :     Case No. 5:20-mc-00028
                                         :
        Plaintiffs,                  :
                                         :
vs.                                      :
                                         :     OPINION & ORDER
MIKE DEWINE, *et al.*,                   :     [Resolving Doc. 1]
                                         :
        Defendants.                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    On February 7, 2020, Plain Local School District served a subpoena on non-party Caryn Peterson in the above captioned Southern District of Ohio case.[1] The subpoena's district of compliance is the Northern District of Ohio.[2]

    Peterson now moves this Court to quash the subpoena.[3] Peterson argues that the subpoena: (1) is unduly burdensome; (2) seeks privileged information; and (3) seeks irrelevant information, including the valuation of Peterson's property. Plaintiffs opposed;[4] Movant Peterson replied.[5]

    Peterson's motion to quash largely fails. The subpoena is not unduly burdensome; does not require the disclosure of privileged information; and mostly seeks relevant information. The valuation of Peterson's home, however, is not sufficiently relevant. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Peterson's motion to quash.

---

[1] Doc. 1-2.
[2] As the Northern District of Ohio is the district of compliance, Peterson's motion to quash is properly before this Court. *See* Fed. R. Civ. P. 45(c)(2)(A).
[3] Doc. 1.
[4] Doc. 3.
[5] Doc. 4.

Case No. 5:20-mc-00028
Gwin, J.

## I. Background

In the underlying case,[6] Plaintiffs seek, *inter alia*, declaratory judgment that Ohio Revised Code § 3311.242 (the "Fast-Track Transfer Statute") and the transfer petitions filed under the Fast-Track Transfer Statute violate the Fourteenth Amendment to the U.S. Constitution.[7] The Fast-Track Transfer Statute requires school districts to transfer territory if ten percent of the territory's electors sign a petition requesting such a transfer and a simple majority of the territory's electors approve the transfer.[8]

The Fast-Track Transfer Statute's process stands in stark contrast to the general school district territory transfer process set forth in Ohio Revised Code §§ 3311.06, 3311.24 and Ohio Administrative Code § 3301-89 (collectively the "General Transfer Statute").[9] Under the General Transfer Statute, an independent hearing officer determines whether proposed transfers are in the best interest of affected pupils by considering factors including whether the proposed transfer will cause, preserve, or increase racial isolation.[10]

Plaintiffs allege that the village of Hills & Dales, a community within the Plain Local School District, initially petitioned for a territory transfer under the General Transfer Statute.[11] The Ohio State Board of Education denied the petition because it lacked a rational basis, it would detrimentally affect Plain Local Schools' programs and operations, and it would increase racial and socioeconomic disparities.[12]

---

[6] This matter relates to a case pending before the Southern District of Ohio (Case No. 2:19-cv-05086).
[7] Doc. 1-1 at 29.
[8] *Id.* at 5-7, 18.
[9] *Id.* at 5-7.
[10] *Id.* at 6.
[11] Doc. 1-1 at 8, 13.
[12] *Id.* at 8, 13-14.

-2-

Case No. 5:20-mc-00028
Gwin, J.

Hills & Dales allegedly then lobbied the Ohio Legislature to create the Fast-Track Transfer Statute.[13] After the creation of the Fast-Track Transfer Statute, Hills & Dales petitioned for the same area to be transferred, this time using the Fast-Track Transfer Statute's procedures.[14]

Plaintiffs, including Plain Local School District and four of its students, then filed suit against the village of Hills & Dales and various other Defendants.[15]

Plaintiffs issued interrogatories to Defendant Hills & Dales.[16] Plaintiffs asked for, *inter alia*, the names of persons "with information that is relevant or relates to the Lawsuit."[17] Defendant Hills & Dales identified a series of persons, including Caryn Peterson.[18]

According to Plaintiffs, Caryn Peterson is a resident of Hills & Dales who was a Relator in a mandamus action filed against Plain Local School District in the Supreme Court of Ohio.[19] The mandamus action sought to compel Plain Local School District to forward Hills & Dales's petition to transfer to another school district to the Stark County Board of Elections.[20]

Plaintiffs issued a subpoena duces tecum to Caryn Peterson, demanding that Peterson produce documents related to the creation of the Fast-Track Transfer Statute, the

---

[13] *Id.* at 11, 14-15.
[14] *Id.* at 8-9, 17.
[15] Doc. 1-1.
[16] *See* Doc. 3-2.
[17] *Id.* at 5.
[18] *Id.*
[19] Doc. 3 at 5.
[20] *Id.* at 5.

Case No. 5:20-mc-00028
Gwin, J.

Village of Hills & Dales's transfer petitions, and the valuation of her Hills & Dales property.[21]

Peterson now moves to quash the subpoena.[22]

### II. Discussion

Before reaching the merits of Peterson's motion to quash, the Court must address Plaintiffs' procedural arguments.

#### A. Procedural Issues

Plaintiffs argue that the Court should not hear Peterson's motion because Peterson failed to comply with Federal Rule of Civil Procedure 4(c)(1) and Local Rule 37.1.[23] Plaintiffs' arguments fail.

Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Plaintiffs argue, without support, that Rule 4(c)(1) requires that a summons be served whenever a new case is begun.[24] Because the motion to quash began a new case in this Court, Plaintiffs assert that Peterson was required to serve them with a summons.[25] Plaintiffs say that because they were not served with a summons, the Court does not have personal jurisdiction over them.[26]

The Court disagrees. Rule 4(c)(1) requires a summons be served upon the filing of a complaint, not any document which begins a case. The motion to quash is not a

---

[21] Doc. 1-2.
[22] Doc. 1.
[23] Doc. 3 at 7-9.
[24] *Id.* at 7.
[25] *Id.* at 7-8.
[26] *Id.* at 8.

-4-

Case No. 5:20-mc-00028
Gwin, J.

complaint; it is a written motion. As such, its service requirements are controlled by Rule 5 and have been satisfied here.

Thus, Peterson was not required to serve Plaintiffs with a summons, and the Court has personal jurisdiction over Plaintiffs.

Plaintiffs' argument regarding Local Rule 37.1 also fails. Local Rule 37.1 requires that before a discovery dispute is referred to a judicial officer, "the party seeking the disputed discovery" must certify to the court that they made sincere, good faith efforts to resolve the dispute.[27] Plaintiffs assert that Movant Peterson cannot make this certification because she did not attempt to resolve this discovery dispute before filing the motion.[28] In response, Peterson argues that Local Rule 37.1 does not apply because she is not a "party seeking the disputed discovery."[29]

Movant Peterson is right. Local Rule 37.1 does not apply to non-parties seeking to quash subpoenas. As Peterson observes, the Rule provides that, "Discovery disputes shall be referred to a Judicial Officer only after counsel for *the party seeking the disputed discovery* has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes."[30]

A non-party seeking to quash a subpoena is plainly "not a party seeking . . . disputed discovery."[31]

This conclusion is supported by the Rule's informal dispute resolution procedure. The Rule provides that, before a formal discovery dispute motion is filed, "the Judicial

---

[27] Loc. R. 37.1(a)(1).
[28] Doc. 3 at 8-9.
[29] Doc. 4 at 1-2.
[30] Loc. R. 37.1(a)(1) (emphasis added).
[31] *Id.*

-5-

<mark>Case: 5:20-mc-00028-JG Doc #: 5 Filed: 04/27/20 6 of 12. PageID #: 145</mark>

Case No. 5:20-mc-00028
Gwin, J.

Officer" may facilitate the informal resolution of the dispute.[32] For example, "The Judicial Officer may attempt to resolve the discovery dispute by telephone conference."[33]

In the instant situation, where the subpoena's district of compliance is different from the district of the lawsuit, there is no "Judicial Officer" assigned to the case. Accordingly, if Movant Peterson would have attempted to comply with Local Rule 37.1 before filing her motion, there would have been no Judicial Officer to assist.

Finally, the Court has found at least one case in which the Court decided non-parties' motions to quash on the merits despite the non-parties' alleged non-compliance with Local Rule 37.1.[34]

Despite the apparent inapplicability of Local Rule 37.1, Plaintiffs point out that this Court has applied Local Rule 37.1 to non-parties in at least one case.[35] A review of this decision, however, shows that the Court assumed Local Rule 37.1 applied to non-parties without any reasoning or analysis of the Rule.

Because Local Rule 37.1 does not apply to non-parties, the Court will not summarily dismiss Peterson's motion to quash for her failure to comply with Local Rule 37.1. The Court will reach the substance of the motion.

### B. Substantive Issues

---

[32] Loc. R. 37.1.
[33] Loc. R. 37.1(a)(2).
[34] *Kauffman v. Medina Cty. Clerk of Courts*, No. 1:13-CV-01261, 2014 WL 1051026, at *1 (N.D. Ohio Mar. 14, 2014) (deciding non-party movants' motions to quash on the merits despite movants' apparent non-compliance with Local Rule 37.1).
[35] *Hopp v. Arthur J. Gallagher & Co.*, No. 1:18-cv-507, 2019 U.S. Dist. LEXIS 1780, at *4 (N.D. Ohio Jan. 4, 2019) (declining to summarily dismiss a motion to quash under Local Rule 37.1 where the parties engaged in an "arguably half-hearted" attempt to resolve the discovery dispute). In a recent opinion arising out of the same underlying Southern District case, the Court relied on *Hopp* to opine that Local Rule 37.1 applies to non-parties. *See Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, No. 5:20MC30, 2020 WL 1288826, at *2 (N.D. Ohio Mar. 18, 2020). This decision relied only on *Hopp* and did not analyze Local Rule 37.1.

<mark>-6-</mark>

Case No. 5:20-mc-00028
Gwin, J.

Federal Rule of Civil Procedure 26 grants parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[36] While relevancy is broad, "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce."[37]

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena commanding a non-party to produce documents.[38] A district court must quash a subpoena that "requires disclosure of privilege or other protected matter[s] . . . or subjects a person to undue burden."[39] The movant has the burden of persuasion.[40]

Peterson argues that her motion to quash should be granted because the subpoena: (1) is unduly burdensome; (2) seeks privileged information; and (3) seeks irrelevant information.

### 1. Unduly Burdensome

Movant Peterson fails to persuade the Court that the subpoena is unduly burdensome.

Movant argues that as a non-party, she "should not be burdened with the annoyance and expense of producing documents obtainable from parties in the litigation."[41] Movant observes that "Defendants are public entities with record retention policies and [are] subject to public record requests."[42] Movant says she "is unaware of anything that suggests

---

[36] Fed. R. Civ. P. 26(b)(1).
[37] *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).
[38] Fed. R. Civ. P. 45(a)(1)(A)(iii).
[39] Fed. R. Civ. P. 45(d)(3)(a)(iii)-(iv).
[40] *Hopp*, 2019 U.S. Dist. LEXIS 1780 at *4.
[41] Doc. 1 at 5.
[42] *Id.* at 6.

Case No. 5:20-mc-00028
Gwin, J.

that Plaintiffs' were unable to obtain discoverable . . . documents from any of the Defendants."[43]

As Plaintiffs assert, Movant Peterson has failed to explain how producing these documents would be burdensome to her.[44] Movant also fails to allege with any degree of specificity which of the requested documents are in the possession of parties.[45] Movant's bare assertions are insufficient to satisfy her burden of persuasion.

This conclusion is reinforced with the fact that Movant Peterson is not a random third party. Rather, Movant, a resident of Hills & Dales, was a Relator in a mandamus action filed against Plain Local Schools in the Supreme Court of Ohio that sought to compel Plain Local Schools to forward Hills & Dales's petition to transfer to another school district to the Stark County Board of Elections.[46] Moreover, Defendant Hills & Dales specifically named Peterson as having relevant information.[47] Thus, Movant has failed to persuade the Court that the subpoenas are unduly burdensome.

### 2. Privileged Information

Movant Peterson also fails to persuade the Court that the subpoena should be quashed to protect her privileged information.

Movant asks the Court to quash the subpoena because the subpoena requests information protected by the attorney-client and marital communication privileges.[48] Movants does not explain why the subpoena should be quashed in its entirety to protect an

---

[43] *Id.*
[44] Doc. 3 at 11-13.
[45] *See In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011) ("A responding party must show specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (internal citations omitted).
[46] Doc. 3 at 5.
[47] Doc. 3-2 at 4-5.
[48] Doc. 1 at 7-9.

-8-

Case No. 5:20-mc-00028
Gwin, J.

undisclosed number of privileged documents.  Presumably, Movant does not allege that every requested document is privileged.

Movant's argument is undermined by the very subpoena she seeks to quash. The subpoena does not demand that Movant produce privileged documents.  Rather, the subpoena quotes Federal Rule of Civil Procedure 45(e)(2), which provides that a privilege log should be created for the documents withheld as privileged.[49]  Because arguably privileged documents must be identified, any privilege issue can be later determined.  The Court cautions that the privilege log needs to specifically describe any materials claimed to be privileged.  For documents claimed attorney-client privileged, the Movant should describe when the representation began and ended.  There is no need to quash the subpoena.

### 3. Irrelevant Information

As explained above, parties have the right to obtain discovery regarding information relevant to any party's claim or defense.[50]  The Court finds that the subpoena mostly requests relevant information.

Movant Peterson first argues that the subpoena requests irrelevant information because Plaintiffs' Equal Protection claim relies on a disparate impact theory, rather than a discriminatory intent theory.[51]  As to this point, the Court declines to narrowly construe a complaint assigned to a judge in the Southern District of Ohio.  A review of the complaint reveals that Plaintiffs allege that "R.C. § 3311.242 [and] the 2019 Hills & Dales Request . . .

---

[49] *See* Doc. 1-2 at 3.
[50] Fed. R. Civ. P. 26(b)(1).
[51] Doc. 1 at 6-7.

-9-

Case No. 5:20-mc-00028
Gwin, J.

were motivated, at least in part, by a discriminatory intent . . . ."[52] This allegation is sufficient for the Court to find that Plaintiffs raise a discriminatory intent claim.

Second, Movant Peterson argues that the requested documents are not relevant because the communications of private citizens are not considered when determining the constitutionality of a statute.[53]

Movant is wrong. The Supreme Court has explained that courts may consider (1) the impact of the challenged actions; (2) the historical background or sequence of events leading up to the action; and (3) the legislative history of the action when determining whether discriminatory intent existed in an Equal Protection Clause case.[54]

Plaintiffs' subpoenas seek information concerning the background and sequence of events leading up to the creation of Ohio Revised Code § 3311.242 and the transfer petitions. Under Supreme Court precedent, these requests are relevant to Plaintiffs' discriminatory intent claim.

Furthermore, Defendants in the underlying case appear to agree that the requested information is relevant. When asked in interrogatories to identify persons with relevant information, Defendants named Movant Peterson.[55]

Finally, Movant Peterson argues that subpoena request number 13—which seeks the valuation of her property within Hills & Dales—is not relevant to the underlying case.[56] She says that "[a]ny private or informal valuation of Movant's home value does not make

---

[52] Doc. 1-1 at 24-25.
[53] Doc. 1 at 7.
[54] *Village of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977); *see also Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, No. 5:20MC30, 2020 WL 1288826, at *3 (N.D. Ohio Mar. 18, 2020).
[55] Doc. 3-2 at 4-5.
[56] Doc. 1 at 9.

Case No. 5:20-mc-00028
Gwin, J.

any fact which Respondents are required to prove in the Southern District case more (or less) likely and is, therefore, irrelevant."[57]

Plaintiffs respond that Peterson's socio-economic status is "probative of the reason(s) why Hills & Dales urged the state legislature to pass the Fast-Track Statute in the first place."[58]

The Court agrees with Movant. Though the scope of discoverable information under Rule 26(b)(1) is broad,[59] the valuation of Movant's personal property has little relevance to the constitutionality of Ohio Revised Code § 3311.242 and the transfer petitions. And to the extent the valuation information is relevant, general valuation information is available in the public domain.[60]

In sum, the Court finds that the subpoena requests mostly relevant information that would not be unduly burdensome for Movant to produce. To the extent the subpoena seeks privileged information, Movant may withhold it and document the reasons for its withholding in a privilege log under Federal Rule of Civil Procedure 45(e)(2). The home valuation information is only marginally relevant to the underlying case and need not be produced.

### C. Sanctions

Movant Peterson requests that the Court sanction Plaintiffs under Federal Rule of Procedure 45 for failing to take "reasonable steps to avoid imposing undue burden or expense" on Peterson.[61] Movant fails to elaborate on this request, but the Court infers that

---

[57] Doc. 4 at 7.
[58] Doc. 3 at 15.
[59] *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).
[60] *See* Doc. 1 at 9.
[61] Doc. 1 at 10 (quoting Fed. R. Civ. P. 45).

Case No. 5:20-mc-00028
Gwin, J.

Movant relies on her argument that much of the sought information was publicly available or in the possession of the parties.

The Court rejects Movant's request for sanctions. As the foregoing analysis demonstrates, most of the information the subpoena seeks is relevant, and Movant fails to explain which information is already in the possession of defendants.

### III. Conclusion

For the reasons stated above, Movant has met her burden of persuading the Court that the subpoena should be quashed as to request number 13—which seeks the valuation of her property within Hills & Dales. Movant has failed to meet her burden as to the other requests. Accordingly, Movant's motion to quash is **GRANTED IN PART** and **DENIED IN PART.**

IT IS SO ORDERED.

Dated: April 27, 2020           *s/    James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE